IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

CRIMINAL NO. 2:25-00068

KRISTA MARIE MENCHACA

MEMORANDUM OPINION AND ORDER

In Charleston, on April 30, 2025, came the defendant, Krista Marie Menchaca, in person and by counsel, Emily Szopinski, Assistant Federal Public Defender, and came the United States by Jonathan Storage, Assistant United States Attorney, for the purpose of considering the defendant's plea of guilty to the indictment, charging her with receipt of stolen money, in violation of Title 18, United States Code, Section 2315. Kiara Carper, United States Probation Officer, appeared on behalf of the United States Probation Department.

The court inquired of the defendant, addressing her personally and by counsel, to determine the competency of the defendant to proceed. The court found the defendant competent.

The Assistant United States Attorney then offered for the court's consideration and summarized the entirety of a written plea agreement signed by both the defendant and her counsel, which signatures the defendant and her counsel acknowledged in court.

The court inquired of the defendant, her counsel and counsel for the United States as to the advantages which accrue to the defendant and the United States by virtue of a plea of guilty as opposed to a trial on the merits.  The court informed the defendant of the maximum penalties to which she will be exposed by virtue of her plea of guilty and defendant acknowledged her understanding of the same.

After considering comments by counsel, the court found the defendant's decision to enter a guilty plea to be fair to the interests of both the defendant and the United States for the reasons stated in court.  The court then conditionally approved the plea agreement in the interest of the administration of justice.

The court next inquired as to the defendant's plea and the defendant responded that she intended to plead guilty.  The court explained the statute under which this action is prosecuted and the elements which the United States would have had to prove, beyond a reasonable doubt, had the matter been tried.  The Assistant United States Attorney then stated the factual basis establishing that the defendant committed the offense to which she was pleading guilty.  The defendant admitted that the factual basis as stated was substantially true.

The court informed the defendant of her right to be prosecuted by indictment pursuant to Rule 7 of the Federal Rules

of Criminal Procedure.  Having been informed of this right, the

defendant signed a waiver of her right to prosecution by

indictment, which signature she acknowledged in open court.

The court informed the defendant, pursuant to the

requirements of Rule 11 of the Federal Rules of Criminal

Procedure, of the constitutional rights she would waive by

pleading guilty to the indictment, which is a felony.  The court

then determined that the defendant understood those rights.  The

court advised the defendant that she could not withdraw her plea

if she was dissatisfied with the sentence rendered.

The court inquired of the defendant personally as to

whether any threats or promises had been made to her to induce

her to plead, whether any predictions were made regarding the

sentence she might receive, and whether she had any second

thoughts about entering a plea of guilty, to which questions the

defendant responded in the negative.

Based upon the defendant's plea of guilty, as well as her

factual admission of guilt, the court found that there existed a

factual and legal basis for the defendant's plea of guilty.

Based upon the United States' proffer of evidence against the

defendant, the court found that there also existed an independent

factual basis for the defendant's plea of guilty.  The court

further found that the defendant tendered her plea of guilty

voluntarily and with a full understanding and awareness of the

constitutional and other rights which she gives up by pleading

guilty, and with an awareness of what the United States would

have to prove against her if the case went to trial.  The court

further found that the defendant had an appreciation of the

consequences of her plea and accepted the defendant's plea of

guilty to the information.

Pursuant to Sentencing Guideline § 6B1.1(c), the court

deferred acceptance of the plea agreement and an adjudication of

guilt pending receipt of the presentence investigation report.

Accordingly, the court adjudges and the defendant now stands

provisionally guilty of the information.

The court scheduled the disposition of this matter for

August 12, 2025, at 11:30 a.m., in Charleston.  The Probation

Department is directed to conduct a presentence investigation in

this matter and to provide a report to this court.  Unless

otherwise directed by this court, the probation officer is not to

disclose the officer's sentencing recommendation to anyone except

the court.

Sentencing Memoranda are NOT required in all cases.  If,

however, either party intends to ask for a sentence outside the

guidelines as calculated in the PSI, a sentencing memorandum must

be filed indicating the extent of any requested variance/departure

as well as the reasons supporting such a request.  Any sentencing

memorandum must be filed no later <u>TWO</u> business days prior to the sentencing hearing.

For the reasons stated on the record, the court found by clear and convincing evidence that defendant was not a flight risk or a danger to the community.  Accordingly, defendant was released on a $10,000.00 unsecured bond subject to all the standard conditions of release.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia and the Probation Office of this court.

**IT IS SO ORDERED** this 1st day of May, 2025.

ENTER:

David A. Faber
Senior United States District Judge